**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADAM HILL**
**ADC #601559** **PLAINTIFF**

**v.** **Case No: 4:26-cv-00338-LPR**

**BUDNIK, et al.** **DEFENDANTS**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 7) and the Plaintiff's Objections (Doc. 8). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, Plaintiff's Amended Complaint (Doc. 6) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 11), Motion for Appointment of Pro Bono Counsel (Doc. 12), and Motion to Add Relevant Sworn Declaration (Doc. 13) are DENIED as moot.[2] The Clerk is instructed to close this case. The Court recommends that dismissal of this

---

[1] There is one small exception. The third full paragraph on page 3 of the RD states that "[t]he doctrine of sovereign immunity precludes Plaintiff from obtaining monetary damages against state actors, such as Defendants, in their *personal* capacities" (emphasis added). That statement should instead refer to state actors in their *official* capacities. The context of the RD makes clear, however, that this was nothing more than a scrivener's error and that the error does not otherwise affect the correctness of the RD's analysis or conclusions in any way.

There is also one additional point worth making. The RD explains that, under Eighth Circuit precedent, a disciplinary decision made by an impartial decisionmaker and supported by some evidence essentially checkmates a retaliation claim in this context. *See* Doc. 7 at 4. That is correct. And to the extent that Supreme Court cases like *Gonzalez v. Trevino*, 602 U.S. 653 (2024), and *Nieves v. Bartlett*, 587 U.S. 391 (2019), have opened a narrow gap for plaintiffs to get around this rule, Plaintiff has not made the type of allegations necessary to do so in this case.

[2] The Motion for Preliminary Injunction and Temporary Restraining Order is denied as moot because the case is now over. It is also worth noting that the Motion does not concern ongoing harm directly stemming from the particular conduct at issue in this case, specifically the allegedly retaliatory disciplinaries issued in November 2025. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must

case count as a "strike," in the future, for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 28th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. . . . Although [the plaintiff's] new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.").

The Court also wishes to note that, aside from being moot, the Motion for Appointment of Pro Bono Counsel and Motion to Add Relevant Sworn Declaration are not well-taken. With respect to the request for counsel, Plaintiff has not suggested that he attempted to retain counsel on his own. Moreover, this case is not difficult enough to require the appointment of counsel. As to the request to add a declaration, the Court considers this a motion to amend the complaint. Plaintiff has already amended his complaint once, and this new information would not change the result here.